UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

AMESBURY PUBLIC SCHOOLS,
Plaintiff

v.

BUREAU OF SPECIAL EDUCATION
APPEALS of the MASSACHUSETTS DIVISION
OF ADMINISTRATIVE LAW APPEALS, and
JOHN DOE AND JANE DOE,
Defendants

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO STAY DECISION AND ORDER OF THE
<u>BUREAU OF SPECIAL EDUCATION APPEALS</u>**

The Amesbury Public Schools (hereinafter "Amesbury" or the "District") hereby requests a stay of the decision and order of the Bureau of Special Education Appeals (hereinafter the "BSEA") ordering Amesbury to reimburse Defendants, John Doe and Jane Doe, the sum of $68,246.86 for the past unilateral placement of their daughter in a private special education school. For the reasons set forth below, it would be inequitable to require Amesbury to comply with the Hearing Officer's Decision to reimburse Parents prior to a final decision on the merits.

<u>Statement of Facts</u>

1. On June 3, 2021, the BSEA issued a decision and order (hereinafter "Decision") granting Jane Doe and John Doe (hereinafter "Parents") reimbursement for the unilateral placement of their minor daughter in a private special education program during the 2020-21 school year.

1

2. On June 16, 2021, the Parents submitted a request to Amesbury for reimbursement of tuition and transportation costs in the amount of $68,246.86.

3. On August 5, 2021, Amesbury filed an appeal of the Decision, seeking to overturn the Decision and negating any obligation to reimburse Parents of the costs associated with Student's unilateral placement.

4. The Amesbury Public Schools is a municipal agency within the City of Amesbury, which has an operating budget for FY22 in the amount of $34,856,504.00. The Department of Student Services, the responsible department for special education expenses, has an operating budget of $4,425,666.00 for FY22.

5. Amesbury avers that, if upon final determination of this matter it remains obligated to reimburse the parents, it will be able to fully satisfy the order to pay $68,246.86, plus interest, in full to Parents within a reasonable time period of thirty to sixty calendar days.

## Argument

Pursuant to M.G.L. c. 30A §14(3), a reviewing court may issue a stay of an administrative decision upon appeal of the decision. M.G.L. c.30A, §14(3) provides that "[t]he commencement of an action shall not operate as a stay of enforcement of the agency Decision, but the agency may stay enforcement, and the reviewing court may order a stay upon such terms as it considers proper."

The decision whether to grant a stay is "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Virginian R. Co.*, 272 U.S., 658, 672-73 (1926); *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987). In determining whether to grant a stay, the court must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the

applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009), citing *Hilton*, 481 U.S. at 776.

      **A.**    **There is a substantial likelihood that Amesbury will prevail on the merits.**

This case required a determination whether the educational program proposed by Amesbury for the Parents' daughter provided her with a free appropriate public education in the least restrictive environment. In her Decision, the Hearing Officer found that the curriculum and methodology offered through Amesbury's educational program were appropriate and that the student would have benefited from the academic, pre-vocational and social skills instruction which would be provided in the proposed program. The Hearing Officer also found that the private educational program for which she ordered reimbursement had such significant limitations that it "falls short of offering [the student] an education that meets all of her needs" and it "may not provide [the student] with a [free appropriate public education] in the [least restrictive environment].

Nonetheless, the Hearing Officer found that the Parents met their burden to prove that the educational program proposed by Amesbury was not reasonably calculated to provide their daughter with a free appropriate public education solely because - during the period of state-wide COVID-19 educational mandates and restrictions that caused unpredictable interruptions in student in-person learning throughout the school year - it failed to provide her with "opportunities to form meaningful connections with peers." As a result, the Hearing Officer ordered the Plaintiff to reimburse the Parents for tuition and costs associated with the student's unilateral placement at a private educational program.

For a myriad of reasons, not the least of which is that Amesbury could not ever have proposed placement in such a private educational program had it known of the deficiencies identified by the Hearing Officer, there is a substantial likelihood that Amesbury will prevail on the merits of its appeal. Furthermore, as described in detail in the Complaint in this matter, the underlying Decision is based upon erroneous legal conclusions and factual findings which are not supported by the evidence; and the Hearing Officer misapplied and relieved the Parents of their burden of proof to establish their claims by a preponderance of the evidence.

**B.  Amesbury will be irreparably injured absent a stay.**

If the Decision ordered Amesbury to provide a prospective placement or services to the student, the Plaintiff agrees that it would not be irreparably injured if it were to comply with the order and a stay would be inappropriate during the pendency of the appeal. However, here, where the order obligates Amesbury only to reimburse the Parents the sum of $68,246.86 for a past placement, a stay is warranted because, once the funds are paid to the Parents by Amesbury, there is little likelihood that Amesbury will recover the funds even if it is successful in its appeal.

Furthermore, pursuant to Massachusetts law, even if Amesbury were able to recover the money from Parents, the funds would be deposited to the general fund of the City of Amesbury, not to the Amesbury Public Schools, and the Amesbury Public Schools would not be deprived of use of the funds for educational purposes. M.G.L. ch. 44, §53 and M.G.L. ch. 59, §23.

**C.  Issuance of the stay will not substantially injure the Parents.**

As noted above, the Hearing Officer's order obligates Amesbury to reimburse the Parents for money expended to pay for tuition in a prior school year, not to secure prospective educational services. While any party would of course prefer prompt recovery of money spent,

the delay in reimbursement, in the event that Amesbury's appeal is denied, does not rise to the level of a substantial injury.

    **D.    The public interest favors a stay.**

The sum of $68,246.86 ordered to be paid as reimbursement are public funds used, in this case, for the educational benefit of all students within the City of Amesbury. If, as Amesbury contends, the Amesbury Public Schools proposed a program for the student that satisfies its obligation to provide a free appropriate public education in the least restrictive environment, the public has an interest to ensure that public funds are not allocated to pay for a private school that the Hearing Officer herself found "falls short of offering [the student] an education that meets all of her needs" and which "may not provide [the student] with a [free appropriate public education] in the [least restrictive environment]. Accordingly, the public interest favors a stay during the pendency of the appeal.

    WHEREFORE, Plaintiff respectfully prays that this Court:

1. Stay the Order and Decision of the Hearing Officer of the BSEA that awarded Parents reimbursement for the unilateral placement of their minor daughter during the 2020-21 school year; and

2. Grant such other and further relief as may be just and equitable.

Respectfully submitted,

For the Plaintiff,
AMESBURY PUBLIC SCHOOLS,
By its attorneys,

*/Jeffrey M. Sankey/*
Jeffrey M. Sankey, BBO #551062
Katie A. Meinelt, BBO #678903
SANKEY, MEINELT & FISHER, LLP
25 Braintree Hill Park, Suite 200
Braintree, MA 02184
(781) 930-3127
jsankey@sankeylaw.com
kmeinelt@sankeylaw.com

**CERTIFICATION**

I hereby certify that a true copy of the above document was served upon the party and/or attorney for each other party by first class mail and email on August 5, 2021.

*/Jeffrey M. Sankey/*
Jeffrey M. Sankey, BBO #551062